IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>Plaintiff,<br>v.<br><br>PARKER INTERNATIONAL, INC.,<br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO WITHDRAW JURY DEMAND<br><br>Case No. 2:10-cv-956 TS<br><br>Chief Judge Ted Stewart<br><br>Magistrate Judge Brooke Wells |

Before the Court is Plaintiff's Motion to Withdraw Jury Demand.[1] Pursuant to Rule 38, Plaintiff seeks an order withdrawing its "jury demand and ordering that all issues . . . be tried to the Court."[2] As outlined below the Court GRANTS the motion.

On September 28, 2010, Plaintiff Law Debenture Trust Company of New York (Law Debenture) filed this action.[3] The Complaint sets forth causes of action against Parker International Inc. (Parker) based upon the Irrevocable Payment Instructions executed by Parker which assigned payment rights under all purchases that Parker makes from a third party to Law Debenture.[4] At the end of the Complaint, Plaintiff demanded "a jury on all claims, causes of action, issues and defenses properly triable before a jury."[5]

In Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories, Defendant objected to Plaintiff's jury demand. Defendant asserted that a provision in the

---

[1] Docket no. 22.

[2] Mtn. p. 1.

[3] Docket no. 2.

[4] *See* Compl. p. 4-6.

[5] *Id.* at p. 7.

Agreement prohibited Plaintiff's right to a jury trial. Law Debenture agreed with Defendant's position and sent Defendant's counsel a stipulation request seeking to withdraw the jury demand.[6] Defendant refused to consent. This motion followed.

Defendant objects to Plaintiff's motion arguing that Rule 38 allows a proper jury demand to be withdrawn "only if the parties consent"[7] and Parker "does not, at this point in the litigation, consent to the withdrawal of a jury in this matter."[8] Parker further asserts that the basis for its original objection to Plaintiff's jury demand-a provision in the Secured Export Prepayment Agreement-only prohibits Plaintiff's right to a jury trial, but it has no bearing on Parker's right to demand a jury. In sum, Parker alleges that its objection to Plaintiff's jury demand "cannot be equated to Parker's consent to the withdrawal of this demand and/or a waiver a Parker's right to a jury trial."[9]

In contrast, Plaintiff argues that Parker never filed its own jury demand and has failed to notify the Court that it intends to rely on Plaintiff's jury demand. So, Defendant's original objection is "clear evidence that Parker 'was not relying on that [jury] request and thus [is] not entitled to invoke the protection of Rule 38(d)' of the Federal Rules of Civil Procedure."[10] In essence, "Parker's objection to Law Debenture's jury demand constitutes a waiver of Parker's right to a jury and thus operates as consent to withdrawal of the demand."[11]

The Court is persuaded by Plaintiff's arguments. As noted by another court, the "[c]onduct of the parties that evinces consent and appears in the record is sufficient to constitute

---

[6] *See* ex. b attached to mem. in supp.

[7] Fed. R. Civ. P. 38.

[8] Op. p. 2.

[9] *Id.*

[10] Reply p. 3 (quoting *Reid Bros. Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d 1292, 1305 (9th Cir. 1983)).

[11] *Id.* at p. 2.

a proper withdrawal and waiver."[12] Where, as here, Defendant unambiguously acted to defeat Plaintiff's jury request, without invoking its own request, the reasonable conclusion is that Defendant was not relying on Plaintiff's request and thus is not entitled to invoke the protection of Rule 38(d).[13] Accordingly, the Court GRANTS Plaintiff's motion.

        DATED this 13 June 2011.

                                            Brooke C. Wells
                                            United States Magistrate Judge

---

[12] *Reid Bros.*, 699 F.2d at 1305 (quoting *Palmer v. U.S.*, 652 F.2d 893, 896 (9th Cir. 1981)).

[13] *See id; see also In re South Canaan Cellular Investments, Inc.*, 2009 WL 3817008 * 5 (Bkrtcy. E.D.Penn. Nov. 13, 2009) (noting that the intent of the parties in a jury demand or withdrawal must be clear but no formal stipulation is required and therefore courts may look to the conduct of the parties); *Glaxo Wellcome, Inc. v. Genpharm, Inc.* 1997 WL 381939, * 1 (S.D.N.Y. July 9, 1997) (holding that the efforts of the defendant to defeat the plaintiff's jury request demonstrated that the defendant was not relying on the request and therefore the defendant waived its right to rely on the protections of Rule 38(d)).