IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LAW DEBENTURE TRUST COMPANY OF NEW YORK,<br><br>    Plaintiff,<br><br><br>vs.<br><br><br>PARKER INTERNATIONAL, INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER LIFTING STAY<br><br><br><br><br><br>Case No. 2:10-CV-956 TS |

This matter is before the Court on Plaintiff Law Debenture Trust Company of New York's Six-Month Status Report and Request to Lift Stay and Schedule Trial.[1] For the reasons discussed more fully below, the Court will grant Plaintiff's request and lift the stay.

I.  BACKGROUND

The facts of this case are more fully set out in this Court's Sealed Memorandum Decision and Order entered February 8, 2012 (the "Memorandum Decision"),[2] and will not be repeated here.

---

[1]Docket No. 160.

[2]Docket No. 156.

1

In its Memorandum Decision the Court granted Defendant's motion to stay this action pending the resolution of related proceedings in Brazil. The Court agreed to stay this action for one year, and instructed Plaintiff to provide a status report on the progress of the Brazilian proceedings in six months' time. The Court specifically instructed that in one year, or before in the event of a material change in circumstances, either party could file a motion to dissolve the stay.

Plaintiff has submitted its six-month status report. In its report, Plaintiff alleges that a material change in circumstances has occurred because Diplomata, the entity from which it was seeking recovery in Brazil, has filed for bankruptcy. On August 3, 2012, Diplomata sought "judicial recovery" under Brazil's insolvency law, which is the equivalent to a Chapter 11 reorganization under United States bankruptcy laws. Diplomata's bankruptcy filing caused an automatic and mandatory 180-day stay of the proceedings in the Brazilian suit.

In its status report, Plaintiff notes the deep financial straits in which Diplomata is operating and provides evidence that Diplomata has ceased to make the interim payments that were a condition of settlement negotiations. Plaintiff provides evidence that Diplomata has failed to abide by the terms of the negotiations and provide Plaintiff its financial data. Plaintiff also cites a number of Brazilian news articles evidencing the financial hardships confronting the meat processing industry generally.

Based on these recent events and other evidence, Plaintiff requests that the stay be lifted and this matter be scheduled for trial at the earliest convenience of the Court and the parties. In

the event the stay is not lifted, Plaintiff requests that the Court schedule a trial for as soon after the termination of the one-year stay as practicable.

## II.  DISCUSSION

"Federal courts have the inherent power to stay an action based on the pendency of a related proceeding in a foreign jurisdiction."[3]  "However, this inherent power to stay parallel litigation must be balanced against the federal courts' 'strict duty to exercise the jurisdiction that is conferred upon them by Congress.'"[4]  In determining whether a stay is warranted, the Court considers the following factors drawn from the case of *National Union Fire Insurance Company v. Kozeny*:

> 1) similarity of parties and issues involved in the foreign litigation; 2) the promotion of judicial efficiency; 3) adequacy of relief available in the alternative forum; 4) issues of fairness to and convenience of the parties, counsel, and witnesses; 5) the possibility of prejudice to any of the parties; and 6) the temporal sequence of the filing of the actions.[5]

On balance of these factors, this Court previously found a one-year stay warranted. Plaintiff asserts that Diplomata's filing for bankruptcy alters the analysis under the *National Union* factors.  The arguments and evidence presented by Plaintiff directly affect the Court's

---

[3]*Cows, Inc. v. Viacom Int'l, Inc.*, 2005 WL 3071772, at *2 (D. Utah Nov. 16, 2005) (internal quotation marks and citation omitted).

[4]*Nat'l Union Fire Ins. Co. v. Kozeny*, 115 F. Supp. 2d 1243, 1246 (D. Colo. 2000) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)).

[5]*Id*. at 1247; *see also Cows*, 2005 WL 3071772, at *2 (citing *National Union* and considering the same factors in granting a motion to stay pending the completion of related litigation in Canada).

prior analysis as to at least one of the *National Union* factors, namely, the adequacy of relief available in the alternative forum.

A one-year stay was granted in this case in large part to allow a staggered recovery and ensure adequate relief while avoiding the threat of double recovery for the same debt. Such a stay ameliorated Defendant's concern that, by simultaneously seeking recovery in Brazil and this forum, Plaintiff may obtain a double recovery on the same debt.

At this juncture, the threat of Plaintiff receiving a double recovery has greatly diminished. Plaintiff has provided ample evidence of the financial difficulties Diplomata, and the meat processing industry generally, are experiencing. As a practical matter, Diplomata's entering into bankruptcy demonstrates an inability to fully compensate Plaintiff—debtors typically enter bankruptcy because they find themselves unable to fully re-pay debts. Plaintiff also correctly notes that its action against Diplomata in Brazil is stayed and, therefore, it is currently unable to pursue its remedies in that forum.

In sum, the Court is persuaded that Plaintiff is unlikely to receive adequate relief in the Brazilian forum. It follows that the likelihood of a double recovery is diminished. Therefore, the Court finds that a stay is no longer warranted in this case.

### III.  CONCLUSION

Based on the foregoing, the Court will grant Plaintiff's request and lift the stay in this case. It is therefore

ORDERED that Plaintiff's Request to Lift Stay and Schedule Trial (Docket No. 160) is GRANTED. The hearing currently scheduled in this matter for November 15, 2012, is hereby

STRICKEN.  The parties are instructed to meet and confer and submit a proposed scheduling order within fourteen (14) days for the Court's approval.

    DATED   November 13, 2012.

                        BY THE COURT:

                        _____
                        TED STEWART
                        United States District Judge